USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11/1/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DISTRICT COUNCIL NO. 9
INTERNATIONAL UNION OF PAINTERS
AND ALLIED TRADES, A.F.L.-C.I.O.,

Plaintiff,

v.

HIGHLAND GLASS & METAL, INC.,

Defendant.

No. 18-CV-3049 (RA)

MEMORANDUM OPINION
AND ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff seeks confirmation and enforcement of an arbitration award entered against Defendant Highland Glass & Metal, Inc. pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. Plaintiff's motion for summary judgment in this action is unopposed. For the reasons set forth below, the motion is granted and the award is confirmed.

## BACKGROUND[1]

Plaintiff District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O. is a labor organization which represents employees in an industry affecting commerce, as defined in Section 501 of the Taft-Hartley Labor Management Relations Act ("LMRA"), 29 U.S.C. § 142. Defendant Highland Glass & Metal, Inc. is a corporation duly organized and existing under the laws of New York State with its principal office and place of business located in New York.

Plaintiff and Defendant are parties to a Memorandum of Agreement (the "Agreement"),

---

[1] These facts are drawn from the Amended Complaint ("Am. Compl."); The Decision of the Joint Trade Committee, Am. Compl., Ex. A; the Memorandum of Agreement, Kugielska Decl., Ex. B (Dkt. 29); and the Trade Agreement, Kugielska Decl., Ex. C.

which "adopts all the terms and conditions of the Union's Trade Agreement." Drew Decl. ¶ 3 (Dkt. 30); *see also* Memorandum of Agreement, Kugielska Decl., Ex. B at 1 ("It is the intention of the Employer and the Union to . . . hereby adopt and incorporate herein by reference, all of the terms and conditions of the 'Trade Agreement.'"); Trade Agreement, Kugielska Decl., Ex. C. The Memorandum of Agreement and the Trade Agreement "constitute Union collective bargaining agreements." Drew Decl. ¶ 3.

Of relevance here, the Agreement requires Defendant to "register all jobs, immediately upon being awarded the job." Agreement, Art. IV ¶ 2; *see also* Trade Agreement, Art. X § 1 (Registration of Jobs). These jobs "must be done by Glaziers covered by this Agreement." Agreement, Art. XIII ¶ 1. Furthermore, "[i]f the job is or is to be subcontracted, the Employer who is awarded the job must register that job and inform the union of what company the work will be subcontracted to." *Id.* at Art. IV ¶ 5. "The Employer shall not subcontract work in the jurisdiction of District Council #9 of any other Employer who does not have a current signed Collective Bargaining Agreement with District Council #9." *Id.* at Art. X ¶ 3. Finally, the Agreement provides that "[n]o employee shall be discharged or discriminated against for belonging to the Union[.]" *Id.* at Art. III ¶ 24.

The Agreement also establishes a Joint Trade Board, composed of representatives from the Union and the Employer. The Board is "empowered to hear and decide in arbitration . . . all grievances and disputes which arise between the parties as to the interpretation or application of [the] Agreement and to make such awards or assess remedies, damages and penalties for violations of [the] Agreement." *Id.* at Art. XVIII ¶ 2. The Board is also empowered to "appoint such persons or committees as may be necessary to aid in the performance of its duties." *Id.*

Plaintiff filed a Demand for Arbitration with the Joint Trade Committee (the

2

"Committee"), alleging that Defendant failed to register a job with the Union and hired two non-Union glaziers, subcontracted to a non-Union employer, and discriminated against a job steward. Plaintiff served a Notice of Intention to Arbitrate; the Notice was mailed via United Parcel Service on July 28, 2017 and received on July 29, 2017. Defendant did not appear at the arbitration hearing, which was held on August 10, 2017. At the hearing, a representative for Plaintiff, Michael Carriere, reported that on several dates in June 2017, he visited a union jobsite and observed facts consistent with the foregoing allegations. The Committee decided in favor of Plaintiff, finding Defendant "guilty for failure to register the Route 300, Newburgh, NY job, for subcontracting glazier work to a non-Union employer on the job, and for failing to conduct the job without a job steward when at least two (2) glaziers were performing work." Am. Compl., Ex. A. Accordingly, it fined Defendant $11,500.00, as itemized in its Decision. Defendant has failed to comply with the Decision.

## STANDARD OF REVIEW

"[A]rbitration awards are not self-enforcing"; instead, "they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (alteration and quotation marks omitted). The Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007). This deference promotes the "twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71–72 (2d Cir. 2012) (quoting *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008)).

"[R]eview of an arbitration award under the LMRA is . . . 'very limited.'" *Nat'l Football*

*League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (citation omitted). "[U]nless the award is procured through fraud or dishonesty . . . the arbitrator's factual findings, interpretation of the contract[,] and suggested remedies" are binding on the reviewing court. *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. High Performance Floors Inc.*, No. 15-CV-781, 2016 WL 3194370, at *2 (S.D.N.Y. June 6, 2016) (first alteration in original) (citation omitted).

Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The same standard applies to unopposed motions for summary judgment." *Trs. for the Mason Tenders Dist. Council Welfare Fund v. TNS Mgmt. Servs., Inc*, No. 16-CV-1120, 2016 WL 6208559, at *2 (S.D.N.Y. Oct. 20, 2016). "Rule 56 does not allow district courts to automatically grant summary judgment on a claim simply because the summary judgment motion, or relevant part, is unopposed." *Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014). Thus, "[b]efore summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Id.*

## DISCUSSION

On the basis of Plaintiff's submissions, and applying the very limited review appropriate in this context, the Court finds that summary judgment is appropriate. As Plaintiff has demonstrated that there is no material issue of fact in dispute, it is entitled to confirmation of the arbitration award as a matter of law. The Agreement required Defendant to register all jobs and to refrain from hiring non-Union glaziers or subcontracting to a non-Union employer. Although the evidence submitted to the Committee was not exhaustive, Mr. Carriere's observations

supported Plaintiff's position that Defendant violated these elements of the Agreement, *see* Am. Compl. Ex. A. at 3, and the Decision's itemized award corresponds precisely to pre-set monetary amounts set forth in the CBA for each type of violation present here. *Compare* Kugielska Decl., Ex. A at 3 (specifying the monetary amount due to Plaintiff per violation), *with* Kugielska Decl., Ex. C at 27-29 (providing a schedule of monetary amounts per violation). Finally, there is no basis to cannot conclude that the Decision was "procured through fraud or dishonesty." *Local 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O. v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999). Accordingly, Plaintiff's motion for summary judgment is granted and the award is confirmed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment to confirm the award is granted. The Clerk of Court is respectfully directed to enter judgment for Plaintiff, terminate the motion pending at docket number 28, and close this case.

SO ORDERED.

Dated: November 1, 2019
New York, New York

_____
Ronnie Abrams
United States District Judge